1  JACK S. SHOLKOFF, CA Bar No. 145097
   jack.sholkoff@ogletreedeakins.com
2  PATRICIA M. JENG, CA Bar No. 272262
   patricia.jeng@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
5  Telephone:  213.239.9800
   Facsimile:  213.239.9045
6
   Attorneys for Petitioner
7  CARMAX AUTO SUPERSTORES CALIFORNIA, LLC

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CARMAX AUTO SUPERSTORES           Case No. CV14-5783 RGK-PLA
    CALIFORNIA, LLC, A VIRGINIA
12  LIMITED LIABILITY COMPANY,        **PETITION FOR ORDER
                                      COMPELLING ARBITRATION AND
13            Petitioner,             STAY OF STATE COURT
                                      PROCEEDING PURSUANT TO
14       v.                           FEDERAL ARBITRATION ACT [ 9
                                      U.S.C. § 4]**
15  LUIS BARRAGAN, an individual,

16            Respondent.

17

18

19       Petitioner, CARMAX AUTO SUPERSTORES CALIFORNIA, LLC,

20  ("CarMax"), and by and through its counsel, files this Petition for an Order

21  Compelling Arbitration and Stay of all claims against CarMax by respondent Luis

22  Barragan ("Barragan") in civil action no. 1406023 in the Superior Court of the State

23  of California, County of Riverside ("Second Action") pending arbitration.  This

24  petition is filed pursuant to 9 U.S.C. §§ 1- 4 (Federal Arbitration Act) and 28 U.S.C.

25  § 2283.

26  **I.    PARTIES**

27       1.    Petitioner CarMax is a limited liability company whose sole member,

28  CarMax Auto Superstores West Coast, Inc., is incorporated under the laws of the

18415093_3.docx

1

1  State of Virginia, and has its principal place of business in the State of Virginia and
2  has its principle place of business in Virginia.

3       2.     Respondent Barragan is an individual residing in Simi Valley,
4  California, and upon information and belief, he is a citizen of California.

5  **II.    JURISDICTION AND VENUE**

6       **3.**     Jurisdiction of this court is invoked under 9 U.S.C. § 1, 2, and 4, and
7  under 28 U.S.C. § 1332. Upon information and belief, the matter in controversy of
8  the dispute to be arbitrated exceeds, exclusive of interest and costs, the sum of
9  $75,000.

10 **III.   FACTUAL ALLEGATIONS**

11      4.     At all relevant times, CarMax employed Barragan as an automotive
12 technician. When Barragan applied for employment on or around February 14,
13 2007, he executed a Dispute Resolution Agreement ("DRA") agreeing to arbitrate
14 any and all claims arising from his employment at CarMax on an individualized
15 basis. Attached as **Exhibit B** to this petition is the DRA executed by Barragan. The
16 DRA provides that:

17     "[B]oth CarMax and [the applicant] agree to settle any and all...claims,
18     disputes, or controversies arising out or relating to [the applicant's] application
19     or candidacy for employment and employment and/or cessation of
20     employment with CarMax, exclusively by final and binding arbitration before
21     a neutral Arbitrator...in accordance with the 'CarMax Dispute Resolution
22     Rules and Procedures ("DRRP").'"

23 Barragan received a copy of the DRRP before signing the DRA. Attached as
24 **Exhibit C** is the DRRP applicable to Barragan. The DRA and DRRP have already
25 been found by this Court to be a valid and enforceable agreement between CarMax
26 and Barragan.[1]

27

28 [1] Pursuant to Fed. R. Evid. Code 201(b)-(c), this Court may take judicial notice of its
own Order issued on July 2, 2014 granting CarMax's Motion to Dismiss and Compel
Arbitration in the First Action. *Herrera et al. v. CarMax Auto Superstores*

18415093_3.docx

5.     The DRA is a contract between Barragan and CarMax that evidences a transaction involving commerce within the meaning of 9 U.S.C. § 2, because CarMax is a national sales retailer with national sales and inventory that moves across state lines.   CarMax employees regularly engage in activities involving goods moving in interstate commerce.

6.     Despite executing the valid DRA, Barragan refused to honor the agreement to submit his claims to arbitration on an individualized basis.   Instead, on or around March 12, 2014, Barragan, along with two other plaintiffs, filed a Complaint, Case No. 1402410 in the Superior Court of the State of California, County of Riverside, individually and on behalf of all others similarly situated ("First Action") against CarMax.   The First Action alleged that CarMax's uniform policies and procedures violated numerous Labor Code sections – specifically, sections 1197, 226(a), 510, 226.7, 512(a), 201, and 202 – as well as California Business and Professions Code.   The First Action also alleged conversion.   Attached as **Exhibit D** to this petition is the complaint filed in the First Action.

7.     The First Action was timely and properly removed to federal court. Barragan and the other plaintiffs sought to have the First Action remanded to state court, but were unsuccessful.   CarMax moved to dismiss and compel Barragan to arbitrate his claims on an individualized basis.   On the same day of oral argument before the Honorable Michael W. Fitzgerald of the U.S. District Court on CarMax's Motion to Dismiss and Compel Arbitration, Barragan (along with the same two other plaintiffs in the First Action) filed another complaint in the Superior Court of the State of California, County of Riverside ("Second Action").

///

---

*California*, LLC, Case No. CV-14-776-MWF-VBKx, Docket No. 29, p. 5.   As discussed in the July 2, 2014 Order, this Court held that CarMax can enforce the DRA signed by Barragan.   The Court's July 2, 2014 Order Granting CarMax's Motion to Dismiss and Compel Arbitration in the First Action is attached hereto as part of **Exhibit A.**

18415003_3.docx

PETITION FOR ORDER COMPELLING ARBITRATION AND STAY OF STATE COURT PROCEEDINGS

1    8.    The Second Action complaint alleges that CarMax violated the

2  California Labor Code Section 2699 ("PAGA"), and alleges underlying violations of

3  identical Labor Code sections as the First Action –sections 1197, 226(a), 510, 226.7,

4  512(a), 201, and 202. The Second Action also defines the aggrieved individuals

5  nearly verbatim to the defined class in the First Action: "All current and former

6  painters, detailers, mechanics and all other piece-rate employees employed by

7  Defendants [*sic*] in California… ." Like the First Action, the Second Action is

8  based on the same factual allegations, including that CarMax failed to sufficiently

9  compensate piece-rate employees for hours not completing piece rate work,

10  including time cleaning and attending mandatory meetings.   Both the First Action

11  and Second Action sought, among other remedies, attorney's fees and costs.

12  Attached to this petition as **Exhibit E** is the complaint filed in the Second  Action.

13    9.    On July 2, 2014, after Barragan filed the complaint in the Second

14  Action, the U.S. District Court in the First Action issued an Order compelling

15  Barragan to arbitrate his claims and dismissing the First Action.   The court found

16  that the DRA was a valid and enforceable agreement between Barragan and CarMax.

17  (*See* **Exhibit A**.)

18    10.    It is clear that Barragan filed the complaint in the Second Action in an

19  attempt to circumvent the valid and enforceable DRA, as well as the district court's

20  subsequent Order compelling Barragan to arbitrate all of his claims against CarMax

21  on an individualized basis and dismissing Barragan's claims.   On July 10, 2014,

22  counsel for CarMax advised counsel for Barragan the substance of this petition, to

23  which counsel for Barragan advised that Barragan would not agree to dismiss the

24  Second Action or submit his claims to arbitration.

25    11.    CarMax has been aggrieved by Barragan's failure to arbitrate under the

26  DRA and DRRP and initiation of the First Action and Second Action.  Pursuant to

27  9 U.S.C. Section 4, CarMax requests an order from this Court compelling Barragan

28  to submit *all* claims which arise from his employment with CarMax, including those

4

18415093_3.docx

1    contained in the First Action and Second Action, to binding arbitration.

2        12.   The Federal Arbitration Act has application to Barragan's claims and
3    demands from the First Action and Second Action. The district court noted that
4    Barragan did not challenge the applicability of the Federal Arbitration Act in the
5    First Action, but rather the validity of the DRA.

6        13.   Pursuant to 9 U.S.C. Section 3, CarMax seeks an order staying all
7    proceedings in the Second Action until arbitration has been had in accordance with
8    the terms of the DRA and associated DRRP, and for an order, pursuant to 9 U.S.C.
9    Section 4, directing Barragan to arbitrate the issues between the parties as provided
10   in the DRA, including those claims contained in Barragan's First Action and Second
11   Action.

12       14.   The relief and injunction prayed for is specifically provided for by the
13   provisions of the Federal Arbitration Act. 9 U.S.C. § 4. Barragan has breached an
14   obligation to arbitrate any dispute arising out of his employment with CarMax.
15   CarMax will suffer irreparable harm unless the Second Action is stayed, and
16   Barragan is compelled to arbitrate, on an individualized basis, his claims contained
17   in the First Action and Second Action pursuant to the requirements of the Federal
18   Arbitration Act.

19   **IV.    RELIEF REQUESTED**

20       15.   WHEREFORE, the Petitioner CarMax and movant respectfully requests
21   that this Court:

22            1) Enter an Order on this petition compelling Barragan to submit to
23   arbitration all claims against CarMax arising out of his employment with CarMax,
24   including arbitration of those claims set forth in the Second Action;

25            2) Enter an Order staying the Second Action proceeding brought by
26   Barragan against CarMax pending arbitration;

27            3) Award CarMax its attorney's fees; and

28   ///

5

1    4) Award CarMax such other and further relief as may be proper.

2

3    DATED: July 24, 2014                    OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.
4

5

6                                            By: _____
                                                  Jack S. Sholkoff
7                                                 Patricia M. Jeng

8                                            Attorneys for Petitioner
                                             CARMAX AUTO SUPERSTORES
9                                            CALIFORNIA, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-14-776-MWF (VBKx)**          Date:  **July 2, 2014**
Title:    Trinidad Herrera et al. -*v*- CarMax Auto Superstores California, LLC

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

        Deputy Clerk:                      Court Reporter:
        Rita Sanchez                        Not Reported

        Attorneys Present for Plaintiff:    Attorneys Present for Defendant:
        None Present                        None Present

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANT'S MOTION TO
                                  DISMISS AND COMPEL ARBITRATION [13]

        This matter is before the Court on Defendant's Motion to Dismiss and Compel
Arbitration Pursuant to FRCP 12(b)(1), and/or 12(b)(6) and the Federal Arbitration Act
(9 U.S.C. §§ 3 and 4) (the "Motion"). (Docket No. 13). The Court reviewed and
considered the briefs on the Motion, and held a hearing on **June 23, 2014.** For the
reasons set forth below, the Motion is **GRANTED.** Plaintiffs' agreements to arbitrate
are enforceable, and thus their claims must be arbitrated. Accordingly, the action is
**DISMISSED.**

## I.    BACKGROUND

        On March 12, 2014, Plantiffs Trinidad Herrera, Taroob Slmani (evidently
erroneously captioned as Taroob Simani), and Luis Berregan, on behalf of themselves
and others similarly situated, filed the Complaint in the Riverside Superior Court.
(Docket No. 3). On April 17, 2014, Defendant CarMax Auto Superstores California,
LLC ("CarMax") removed the Action pursuant to the Class Action Fairness Act, 28
U.S.C. § 1332(d). (Docket No. 1).

        Plaintiffs bring claims as representative of a putative class (the "Class") of "[a]ll
current and former painters, detailers, [and] mechanics" employed by CarMax during
the four years prior to filing the Complaint. (Compl. ¶ 10, Notice of Removal Ex. A
(Docket No. 3)). Plaintiffs allege that CarMax's "uniform policies and procedures"

_____
                      **CIVIL MINUTES—GENERAL**                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No. CV-14-776-MWF (VBKx)**          **Date: July 2, 2014**
Title:     Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

violated California labor laws. (*Id.* ¶ 11). They allege specifically that CarMax failed to sufficiently compensate Plaintiffs for hours worked. (*Id.*).

Herrera was employed as a painter at CarMax from 1999 to October 2013. (Mot. at 3). Slmani was employed as an automotive service technician at CarMax between 1999 and November 2013. (*Id.*). Berregan was employed as a service mchanic at CarMax from 2007 to 2013. (*Id.* at 4).

As part of their applications for employment with CarMax, Plaintiffs each signed dispute resolution agreements (the "Agreements"). (Mot. at 3). The Agreements are attached to the Motion. (Declaration of Kimberley Ross in Support of Defendant's Motion to Compel Arbitration ("Ross Declaration") ¶ 5, Exs. B-D (Docket No. 13-2)). Each Agreement provided that both parties would arbitrate any claims arising from Plaintiffs' employment. (*See id.*). CarMax contends that Plaintiffs' claims in the Action are subject to the Agreements. (Mot. at 8). It therefore seeks to compel arbitration pursuant to the FAA. (*Id.* at 3-4).

The Agreements provide that arbitration would be conducted in accordance with CarMax's Dispute Resolution Rules and Procedures (the "DRRP"). (Ross Decl. ¶ 5, Ex. B at 17, Ex. C at 23, Ex. D at 32). Each Agreement notified the applicant that the DRRP would either be provided in the application booklet, or should be requested from a CarMax representative. (*Id.*). Each further provided that the applicant "should familiarize [himself] with [the DRRP] prior to signing the Agreement." (*Id.*). Each indicated that by signing the Agreement the applicant was acknowledging receipt of the DRRP. (*Id.*).

The parties disagree as to which, if any, of the DRRPs are operative with respect to each Plaintiff, as CarMax has modified the DRRP multiple times. CarMax contends that while Herrera and Slmani acknowledged receipt of the 1999 version of the DRRP, and Berregan acknowledged receipt of the 2005 version, both versions have since been replaced by the 2011 version. (Reply at 9). DRRP Rule 19 allows CarMax to modify the DRRP on December 31 of any year, provided that CarMax posts notice of the modification thirty days prior, and makes the modified DRRP available to read after

CIVIL MINUTES—GENERAL                                                    2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES—GENERAL

**Case No.  CV-14-776-MWF (VBKx)**              **Date:  July 2, 2014**
Title:     Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

December 31 of each year. (Ross Decl. ¶ 5, Ex. A at 12).  CarMax argues that it followed those requirements in modifying the DRRP multiple times since 1999. (Reply at 9).  It therefore concludes that the most recent version—the 2011 DRRP—is the operative version.  (*Id.*).

Plaintiffs contend that notice of the modifications was insufficient, and thus the Court should refer to the DRRP versions operative at the time Plaintiffs signed each Agreement. (*See* Opp'n at 10-12).

## II.    DISCUSSION

### A.    Request for Judicial Notice

Plaintiffs have submitted a Request for Judicial Notice in Support of Opposition to Plaintiff's Motion to Compel Arbitration or Dismiss Action (the "Request"). (Docket No. 24).

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  "It is not uncommon for courts to take judicial notice of factual information found on the World Wide Web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *see also Matthews v. Nat'l Football Council*, 688 F.3d 1107, 1113 & n.5 (9th Cir. 2012) (taking judicial notice of relevant statistics available on the NFL's website).

Plaintiffs request that the Court take judicial notice of a letter between CarMax and the United States Security and Exchange Commission ("SEC") found on the SEC website. (Request Ex. A).  The letter is "factual information found on the world wide web," and being publically available on the SEC website, a source whose accuracy cannot reasonably be questioned.  Accordingly, the Court hereby **GRANTS** Plaintiffs' request for judicial notice.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV-14-776-MWF (VBKx)**            Date:  **July 2, 2014**
Title:      Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

### B.    Motion to Compel Arbitration

Arbitration is a way to resolve disputes "that the parties have agreed to submit to arbitration." *First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995). Arbitration agreements limit the Court's role to "determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Republic of Nicaragua v. Standard Fruit Co.,* 937 F.2d 469, 479 (9th Cir. 1991); *see also Muh v. Newberger, Loeb & Co.,* 540 F.2d 970, 972 (9th Cir. 1976) (If the parties have agreed to arbitrate, "the entire controversy must be referred to the arbitrator, including the validity of the contract.").

The FAA applies to written arbitration agreements in "contract[s] evidencing a transaction involving commerce." 9 U.S.C. § 2. An employment contract including an agreement to arbitrate can be subject to the FAA, if it is not expressly exempted by the FAA and if the employment affects interstate commerce. *See Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 113, 119, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001) (rejecting the argument that an employment contract is not a "contract evidencing a transaction involving interstate commerce," and holding that 9 U.S.C. § 1 does not exempt all employment contracts from the FAA).

CarMax argues that Plaintiffs' employment with CarMax involved interstate commerce, and that the Agreements are not specifically exempted by the FAA. (Mot. at 8-9 n.4). Plaintiffs do not challenge the applicability of the FAA, but rather the validity of the Agreements themselves. (*See* Opp'n. at 1-3).

Because Plaintiffs have not challenged the applicability of the FAA, and because the employment agreements involve interstate commerce, the FAA applies here. The Court must therefore apply California contract law in light of the "liberal federal policy favoring arbitration," embodied in Section 2. *AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1745, 179 L. Ed. 2d 742 (2011). "[U]nder both federal and California law, arbitration agreements are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the [rescission] of any contract." *Sullivan v. Lumber Liquidators, Inc.,* C-10-1447 MMC, 2010 WL 2231781, at *3 (N.D. Cal. June 2, 2010)

---

CIVIL MINUTES—GENERAL                                          4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV-14-776-MWF (VBKx)**              **Date:  July 2, 2014**
Title:     Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

(quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 98, 6
P.3d 669, 679 (2000)).

### C.   CarMax Can Enforce the Agreements

Plaintiffs contend that Herrera and Slmani agreed to arbitrate with Circuit City,
and that Berregan agreed to arbitrate with CarMax Auto SuperStores, Inc., rather than
Defendant CarMax Auto Superstores California, LLC, and thus CarMax cannot
enforce the Agreements because it was not a party to them. (*Id.* at 9).

The Agreements show that Herrera and Slmani signed agreements with
"CarMax, a Circuit City Company." (Ross Decl. ¶ 5, Exs. B- C). The Agreements
further show that the Agreements extended to "affiliate companies such as CarMax."
(*Id.*). Berregan agreed to arbitrate claims with "CarMax Auto Superstores, Inc., or its
subsidiaries and affiliates (collectively 'CarMax')." (*Id.* Ex. D). It is undisputed that
the claims at issue arose from Plaintiffs' employment with a CarMax entity. (*See*
Compl. ¶¶ 1-9, 14). CarMax contends that it was transferred the Agreements after
corporate restructuring of CarMax, Inc. (Mot. at 4).

The Court agrees with CarMax that, notwithstanding corporate restructuring, it
has the legal right to enforce the Agreements. Although an agreement to arbitrate may
only be invoked by a party to the agreement, a number of exceptions allow a party to
enforce an arbitration agreement made by a signatory with some legally significant
relationship with the party seeking enforcement: "The common thread [in cases
allowing nonsignatory enforcement] is the existence of an agency or similar
relationship between the nonsignatory and one of the parties to the arbitration
agreement. In the absence of such a relationship, courts have refused to hold
nonsignatories to arbitration agreements." *Matthau v. Superior Court*, 151 Cal. App.
4th 593, 599, 60 Cal. Rptr. 3d 93 (2007) (quoting *NORCAL Mut. Ins. Co. v. Newton*,
84 Cal. App. 4th 64, 76, 100 Cal. Rptr. 2d 683 (2000)) (internal quotation marks
omitted); *see also Wilmot v. McNabb*, 269 F. Supp. 2d 1203, 1208 (N.D. Cal. 2003)
(allowing defendant to enforce an arbitration agreement, although its corporate parent
was the actual signatory).

EXHIBIT A, PAGE 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV-14-776-MWF (VBKx)**          **Date:  July 2, 2014**
Title:      Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

CarMax presents the Declaration of Tanisha Y. Lewis-Andrews ("Lewis-Andrews Declaration"), a CarMax Senior Payroll Analyst, who avers that Defendant CarMax Auto Superstores California, LLC was created in 2004 during a restructuring of CarMax's corporate structure. Whereas CarMax Auto Superstores West Coast, Inc. operated the Duarte store at which Herrera and Slmani worked in 1999, operations were transferred to CarMax Auto Superstores California, LLC, an entity wholly owned by CarMax Auto Superstores West Coast, Inc., in 2004. (Lewis-Andrews Decl. ¶ 5).

The Court does not, of course, consider Lewis-Andrews's legal conclusions about the effect of the restructuring on the employment relationship between Plaintiffs and CarMax. As Senior Payroll Analyst, however, Lewis-Andrews has proper personal knowledge of the fact of restructuring and the fact that Defendant CarMax Auto Superstores California, LLC is directly related to CarMax, Inc. and CarMax Auto Superstores West Coast, Inc., two entities that Plaintiffs do not dispute would be entitled to enforce the arbitration agreement. Accordingly, Plaintiffs' evidentiary objections to the Lewis-Andrews Declaration are **OVERRULED.** (Docket No. 27).

CarMax is entitled to invoke the Agreements, either because CarMax Auto Superstores West Coast, Inc. assigned its rights under the Agreements to CarMax Auto Superstores California, LLC, or because the relationship between the two entities is such that, under California law, CarMax Auto Superstores California, LLC is bound by agreements to arbitrate made by CarMax, Inc. and related entities in 1999.

**D.      The Agreements Are Not Illusory and Were Validly Modified**

The DRRP's Rule 19 provides:

CarMax may alter or terminate the Agreement and [the DRRP] on December 31 of any year upon giving thirty (30) calendar days written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding [DRRP] in effect at the time the Arbitration Request Form is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all

CIVIL MINUTES—GENERAL                                                    6

EXHIBIT A, PAGE 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No. CV-14-776-MWF (VBKx)**          **Date: July 2, 2014**
Title:     Trinidad Herrera et al. -*v*- CarMax Auto Superstores California, LLC

CarMax locations (including locations of affiliated companies). A copy of
the text of any modification to the Agreement or Rules and Procedures will
be published in the Applicant Packet, which will be available at such
locations after December 31 of each year."

(Ross Decl. ¶ 4, Ex. A at 12).

Plaintiffs argue that this term renders the agreement illusory because it permits
CarMax to unilaterally modify its terms. (Opp'n at 9). But Plaintiffs' position is
contradicted by California law.

The California Court of Appeal held in *Casas v. Carmax Auto Superstores
California LLC* that "the modification clause in the CarMax DRRP does not invalidate
the arbitration agreement." 224 Cal. App. 4th 1233, 1237, 169 Cal. Rptr. 3d 96, 100
(2014), review filed (Apr. 28, 2014). The court found that the DRRP's Rule 19 did not
render the agreement illusory because modifications could only be made with advance
notice, implying a covenant of good faith and fair dealing. *Id.* The implied covenant
"limit[ed] the employer's authority to unilaterally modify the arbitration agreement and
save[d] that agreement from being illusory and thus unconscionable." *Id.* (quoting
*Serpa v. Cal. Surety Investigations, Inc.*, 215 Cal. App. 4th 695, 708, 155 Cal. Rptr. 3d
506 (2013)).

Plaintiffs argue that *Casas* does not apply here because the 1999 agreements
signed by Herrera and Slmani "are devoid of a notice of modification term." (Opp'n at
10). CarMax has submitted a copy of the DRRP that was in effect in 1999 which
directly contradicts Plaintiffs' contention. (*See* Declaration of Karen Holt ("Holt
Declaration") ¶ 3, Ex. G at 13). The modification term in the 1999 DRRP is identical
in all relevant respects to the term discussed in *Casas* above. (*Id.*). Therefore, the
Agreements are not illusory.

Furthermore, CarMax followed this modification provision by posting notices
that the DRRP would be modified. Plaintiffs do not indicate that they stopped working

---

CIVIL MINUTES—GENERAL                                                      7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. **CV-14-776-MWF (VBKx)**          Date: **July 2, 2014**
Title:      Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

after receiving notice of the modifications or otherwise objected. Accordingly, the DRRP as modified is the applicable agreement.

### E.    Unconscionability

Plaintiffs argue that the Agreements are unenforceable because they are procedurally and substantively unconscionable. (Opp'n at 12-13).

"The final phrase of [9 U.S.C.] § 2 . . . permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *Concepcion*, 131 S. Ct. at 1746. The Supreme Court has held that "[t]his savings clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.* (citations omitted). Moreover, "federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Adams*, 279 F.3d at 892.

An agreement is unconscionable under California law if it is both procedurally and substantively unconscionable:

> [U]nconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results. . . . The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. . . . But they need not be present to the same degree. . . . [T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.

*Armendariz*, 24 Cal. 4th at 114.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-14-776-MWF (VBKx)                    Date:  July 2, 2014
Title:      Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

### 1. Procedural Unconscionability

"Procedural unconscionability analysis focuses on 'oppression' or 'surprise.'"
*Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (quoting *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853, 113 Cal. Rptr. 2d 376 (2001)). "'Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice,' while '[s]urprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them.'" *Id.* (quoting *Flores*, 93 Cal. App. 4th at 853).

Plaintiffs argue that the Agreements "have a high degree of procedural unconscionability" because Plaintiffs "had no choice whether to sign them, they were non-negotiable and they were a condition of employment." (Opp'n at 15).

The California Court of Appeal recently reversed a lower court's denial of a motion to compel arbitration in a case involving a CarMax agreement identical to the ones at issue here. *Sanchez v. Carmax Auto Superstores California, LLC*, 224 Cal. App. 4th 398, 403, 168 Cal. Rptr. 3d 473, 477 (2014), review denied (June 11, 2014). The court found that because of the agreement's "adhesive nature," which conditioned the plaintiff's employment on agreeing to its terms, there was "evidence of some degree of procedural unconscionability." 224 Cal. App. 4th at 403. But notwithstanding "some degree of procedural unconscionability," the court affirmed the lower court's finding that "[t]he stand-alone arbitration agreement was not hidden, but prominently featured as part of the employment application, and there are no other indicia of procedural unconscionability." *Id.*

Plaintiffs argue that "[t]he degree of procedural unconscionability here is multiplied by the fact that at the time they signed these agreements, none of the Plaintiffs were provided the 2011 DRRP Defendant seeks to enforce, nor is there any evidence they were provided with Defendant's DRRP." (*Id.*).

CIVIL MINUTES—GENERAL                                          9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No. CV-14-776-MWF (VBKx)**          **Date: July 2, 2014**
Title:      Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

As discussed above, the Court finds that the 2011 DRRP is the operative version, as older versions were modified pursuant to the DRRP's Rule 19. As to whether Plaintiffs "were provided with Defendant's DRRP" the Agreements provide that if the DRRP is not within the application packet, the applicant should request the DRRP from a CarMax representative. (*See* Ross Decl. ¶ 5, Exs. B at 17, C at 23, D at 32). Moreover, Plaintiffs signed under the Agreements' bold text specifically acknowledging that they had received the DRRP. (*Id.*).

The Court finds that the Agreement has a small degree of procedural unconscionability resulting from its "adhesive nature." *See* Sanchez, 224 Cal. App. 4th at 403.

### 2. Substantive Unconscionability

"Substantive unconscionability relates to the effect of the contract or provision . . . focus[ing] on the terms of the agreement and whether those terms are so one-sided as to shock the conscience." *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1043 (9th Cir. 2001) (internal quotation marks and citations omitted).

Plaintiffs argue that the Agreement and DRRP "include numerous terms that unfairly favor Defendant and are substantively unconscionable." (Opp'n at 12-14). Plaintiffs challenge eight such terms.

### a. One Year Limit of Applicable Statute of Limitations

Plaintiffs argue that the 1999 Agreements signed by Herrera and Slmani, and the incorporated DRRPs improperly limited the statute of limitations on arbitrable claims. (Opp'n at 17). Though that argument may be valid as to the 1999 Agreements, as discussed above, the DRAs have been modified since 1999 making the 2011 DRRP the operative version.

By contrast to the 1999 DRRP, Rule 4 of the 2011 DRRP states that claims may be arbitrated "no later than the applicable statute of limitations for the asserted claims

---

CIVIL MINUTES—GENERAL                                    10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  **CV-14-776-MWF (VBKx)** | Date:  **July 2, 2014** |
| Title: | Trinidad Herrera et al. -*v*- CarMax Auto Superstores California, LLC |

under the applicable law."  (Ross Decl. ¶ 4, Ex. A, at 6).  A contract that comports
with state law cannot be substantively unconscionable.

Accordingly, Rule 4 of the DRRP is not unconscionable.

### b. Mutual Obligation to Arbitrate Claims

Plaintiffs argue that while the Agreements require that they submit to arbitration
all claims arising from their employment, CarMax is not similarly obligated, and is free
to bring claims in court. (*See* Opp'n at 17-19).

Whether or not that kind of unilateral power would render the Agreements
substantively unconscionable is irrelevant however, because the Agreements do not
give CarMax that power.  The Agreements show that Plaintiffs would be similarly
entitled to compel arbitration had CarMax brought its own claims to court.  The
Agreements provide that "both CarMax and I agree to settle any and all previously
unasserted claims, disputes, or controversies . . . exclusively by final and binding
arbitration before a neutral Arbitrator." (Ross Decl. ¶ 5, Ex. B at 17, Ex. C at 23, Ex.
D at 32).  Under Plaintiffs' signatures, the Agreements state that "CarMax agrees to
consider this Employment Application and to follow this [Agreement] and the [DRRP]
in connection with the Associate who is completing this application." (*Id.*).  The
DRRP provides that "CarMax and the Associate are required to bring all existing
claims subject to arbitration in one arbitration proceeding." (*Id.*, Ex. A at 9).  Read
together, the Agreements and the DRRP obligate both parties to arbitrate claims arising
from Plaintiffs' employment with CarMax.

Moreover, California law supports this reading as the court in *Sanchez* found
that an identical agreement with CarMax did not lack mutuality of obligation.  224 Cal.
App. 4th 398, 403.

Accordingly, the Court finds that this provision is not unconscionable for lack of
mutuality.

---

**CIVIL MINUTES—GENERAL**                                            11